STATE OF LOUISIANA

VERSUS

BRANDON L. PIKE

NO. 23-KA-102

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-0661, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING


October 31, 2023


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson


**APPEAL DISMISSED**

   **MEJ**
   **SMC**
   **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
  Honorable Paul D. Connick, Jr.
  Thomas J. Butler
  Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLANT,
BRANDON L. PIKE
  Katherine M. Franks

**JOHNSON, J.**

Defendant/Appellant, Brandon L. Pike, appeals his 30-year sentence for aggravated burglary from the 24th Judicial District Court, Division "L". For the following reasons, we dismiss the instant appeal.

## FACTS AND PROCEDURAL HISTORY

This is Defendant's third appeal.[1] On February 27, 2018, Defendant was convicted of aggravated burglary of a residence and second degree battery of Shirley Fazande. Defendant was sentenced to 30 years imprisonment at hard labor for the aggravated burglary conviction and eight years imprisonment at hard labor for the second degree battery conviction, to be served consecutively. *See*, *State v. Pike*, 18-538 (La. App. 5 Cir. 5/8/19), 273 So.3d 488, 491-92, *writ denied*, 19-927 (La. 2/10/20), 292 So.3d 60. This Court affirmed Defendant's convictions and sentences. *See id.* at 503.

Prior to the affirmances of Defendant's convictions and sentences, the State filed a habitual offender bill of information on the aggravated burglary conviction. Defendant's original aggravated burglary sentence was vacated by the trial court, and he was resentenced to 60 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. *See*, *State v. Pike*, 22-113 (La. App. 5 Cir. 12/28/22), 355 So.3d 691, *writ denied*, 23-35 (La. 9/26/23), --- So.3d ----, 2023WL6226184. Defendant was granted an out-of-time appeal to challenge his habitual offender adjudication and sentence. In his second appeal, on errors patent review, this Court found the State failed to prove that the applicable cleansing period had not elapsed between the expiration of the correctional supervision period for Defendant's predicate offense and the date of the latest offense. This Court vacated Defendant's habitual offender adjudication and

---

[1] *See*, *State v. Pike*, 18-538 (La. App. 5 Cir. 5/8/19), 273 So.3d 488, *writ denied*, 19-927 (La. 2/10/20), 292 So.3d 60, and *State v. Pike*, 22-113 (La. App. 5 Cir. 12/28/22), 355 So.3d 691, *writ denied*, 23-35 (La. 9/26/23), --- So.3d ----, 2023WL6226184, for the underlying facts of those appeals.

sentence, and reinstated Defendant's 30-year sentence. The matter was then remanded to the trial court for further proceedings. *See id*. at 696.

Upon remand, the trial court entered a minute entry on January 5, 2023. The minute entry from the trial court reflects, "On 12/28/2022, 5th. Circuit Remand No. 22-KA-113, Habitual Offender Adjudication and Sentence Vacated. Original Sentence on Count 1 REINSTATED." The minute entry then states that Defendant, who was incarcerated at Dixon Correctional Institution, and defense counsel were not present. The court then presented a rendition of the history of the case by explaining Defendant's convictions on February 27, 2018, and the sentences imposed on March 16, 2018. The top of the minute entry reflects that an Assistant District Attorney was not present.[2] A new uniform sentencing commitment order dated January 5, 2023 was issued. The date of the sentences reflected in the uniform sentencing commitment order is March 16, 2018.

On January 27, 2023, Defendant filed a motion to proceed *in forma pauperis* and asked to have the Louisiana Appellate Project institute his appeal. Defendant also filed a *pro se* motion for appeal and designation of the record on the same date. Defendant's motion for appeal was granted on February 1, 2023, and the instant appeal followed.

## ASSIGNMENT OF ERROR

On appeal, Defendant alleges that the trial court erred in failing to assure he was present and represented by counsel at the time his original sentence was reinstated.

## LAW AND ANALYSIS

Jurisdictional Review

In Defendant's appellate brief, counsel suggests that this Court has jurisdiction over this appeal because the criminal case was triable by a jury.

---

[2] In the caption of the minute entry, there is a notation that states, "Not done in open court."

Counsel further states, "On January 5, 2023, the trial judge, without obtaining Mr. Pike's presence, reinstated the thirty-year sentence.  As a sentence has been imposed, the judgment is a final appealable one."  In presenting his argument, counsel states that there should have been a hearing when Defendant's original sentence was reinstated, and that he and counsel should have been present.  Defendant argues that this Court attempted to impose a sentence by reinstating the original sentence.  He asserts that because it is the trial judge's function to impose a sentence, a resentencing hearing should have been held instead of merely having clerical entries made.

In opposition, the State describes that "On January 5, 2023, in a purely ministerial act not done in open court and not done with the presence of the Defendant, Defense Counsel, or the State, the Trial Court executed a minute entry reflecting this Court's order in *Pike II* that the Defendant's original sentence has been reinstated."  The State argues that Defendant now appeals that ministerial act.  It disputes Defendant's contention that he and counsel should have been present.  The State explains that Defendant was present with counsel when he was first sentenced and when his enhanced sentence was imposed.  The State contends that the January 5, 2023 event should not be considered as a resentencing hearing.  It argues that this Court reinstated Defendant's original sentence, the trial court did not need to resentence him, and the trial court did not have discretion to conduct a resentencing hearing.

After review, we find that Defendant does not have a right to this appeal.  The January 5, 2023 minute entry was the trial court's recognition of this Court's reinstatement of the original sentence, and a new sentence was not issued.  Defendant's *pro se* motion for appeal characterized the trial court's actions as imposing a new sentence, of which he stated he would have the right to appeal.  In granting the motion for appeal, the trial judge stated that "the court reinstated the

original sentence on count # 1" on remand from this Court.

Consequently, we find that the trial judge's granting of this appeal was an error.[3]  We hold that a sentence was not imposed by the trial court on January 5, 2023, and Defendant does not have a right to appeal the January 5, 2023 reinstatement of his sentence.[4]  Accordingly, we dismiss Defendant's appeal.[5]

## DECREE

For the foregoing reasons, we dismiss the instant appeal.

**APPEAL DISMISSED**

---

[3] The trial judge's order does not include Defendant's second appeal when setting out the procedural background.  Rather, it summarizes the charges, the original sentence on count one, and the sentence on count two.  The order explains that Defendant was adjudicated a habitual offender on count one and was resentenced.  The order cites to the first appeal and states that the convictions were affirmed.  The order then reflects that on January 5, 2023, the original sentence on count one was reinstated.

[4] Pursuant to La. C.Cr.P. art. 912(C), "The judgments or rulings from which the defendant may appeal include, but are not limited to: (1) A judgment which imposes sentence; (2) A ruling upon a motion by the state declaring the present insanity of the defendant; and (3) Repealed by Acts 1968, No. 146, § 1."

[5] This Court previously considered the constitutionality of the original sentence and conducted an error patent review in Defendant's first appeal.  The only additional documents in the current appeal from the first and second appellate records are: the January 5, 2023 minute entry and commitment order, a *pro se* motion requesting he be permitted to proceed in *forma pauperis*, a *pro se* motion for appeal and designation of the record, the order granting the motion for appeal, and a letter assigning appellate counsel.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 31, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KA-102**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          KATHERINE M. FRANKS (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053